Your Honors, may it please the Court, my name is Mark Ebert, and I represent Mr. Michael Briseno. Your Honors, the State spends a great deal of time trying to make this case appear complicated, but actually it's rather simple. Would you do a favor for a visitor from New York and tell me what a CPC is, that is, how does that process work? In the State court system, a Certificate of Probable Cause, it's kind of like a COA, a Certificate of Appealability in this court. It's very easy to get because it's required to be issued unless the thing is completely frivolous. And the prior panel in this case obviously said it's not. No, no, no, no, that's what I wanted to know, because it seemed to me it must be a very stiff wall to climb. Indeed, if a district court is allowed to just say, not only this is my opinion, but it's right, so you can't appeal it. Yeah, that's right. And when you say, I understand you mean the State superior court is saying that. Yeah. Thanks. Sorry. Anyway. Mr. Ebert, while we're on that subject, after habeas relief was granted to your client, did your client seek a CPC? No. And the reason why. Why? Because the State, excuse me, because the district court's order, which was embodying this ministerial act. Presumably. It said presumably without. That was the order, number one. The judgment didn't even say presumably. It said that they shall do it without issuing a CPC. The State Appellate Council, who was from the first district appellate project that was made, followed the court's order. Do you think that a federal district court or federal court at all can tell the State of California whether it should have a CPC as a condition to a direct appeal in its State system? I think it did tell them that. And I. Would you answer my question? Yes. And I do think they have the power. Remember. Where is that power? I'm sorry? What delegated power of the federal government gives a federal court the right to tell a State court that a particular procedural step taken on an appeal doesn't have to be taken because we say so. Because, number one, as I said, they did. And number two, because the decision of the, what I'll call the 2255 merits panel, to distinguish it from this one, what they said was that it was unconstitutional and ineffective assistance of counsel not to obtain the CPC, which is essentially a technicality in State court. But we're here on a petition for habeas corpus, are we not? I'm sorry? Aren't we here on a petition for habeas corpus? That's correct. Well, actually, you're here on an appeal of the district court's failure to enforce this court's writ of habeas corpus. Well, as I recall, the writ is issued by the district court, unless we said something in our opinion where we tried to issue it ourselves. Yes. We really looked to the district court order. Well, actually, the State court of appeal in deciding what to do actually followed the Ninth Circuit's order. Number two, the Ninth Circuit simply delegated a ministerial task to the district court, and it is unfortunate that this court didn't issue its own order. But I have the same concern that my colleague Judge Bea has, and that is that typically a writ granting habeas corpus goes to the custodian of the individual. And it's either — it's a switch. Either release the person or allow the State to retry. Right. That's typically the way a writ of habeas corpus actually works. And that's why I have the same concern that Judge Bea has expressed, that I don't see how we can tell a court, particularly an appellate court, of a sovereign State jurisdiction, how to handle things. Well, Your Honor, the 2254 merits panel might have ordered that remedy, but they didn't. That's not the remedy that they ordered. And this is not a de novo review, respectfully, of what the other court, the other panel ordered. So we are, as a panel, bound by the previous panel. We can't, you know, vacate, revisit, reinterpret. As to what the 2254 merits panel decided, I believe, and I submit that that's the law of the case, and that, yes, that controls. What this Court has to decide, the issue before it, is simply whether the State court of appeal failed to follow that. And, indeed, the order, excuse me, the judgment Judge Bea said without a issue of a CPC. But that's not what Judge Huggs' panel stated. It said on page 4, an order the defendant released unless he is afforded an opportunity to appeal that conviction within a reasonable time. An opportunity to convict. Now, it doesn't say an opportunity to appeal without a CPC. That was an invention. But it was the lack of CPC that caused the State court of appeal to dismiss it the first time. And that was overturned by this Court. But all you had to do was to apply for a CPC. You said yourself it would have been granted as a matter of routine because this is not a frivolous matter. And you didn't do so. The court of appeal, the State of California, has to enforce its own rules. Why didn't you? Maybe it was IAC and not filing a CPC request. It wasn't me. But the reason that the State appellate lawyer, the First District Appellate Project did not was because, A, this Court said that it was the dismissal based on lack of a PCP, a CPC, which was an error and reversed it. And, B, the State court of, excuse me, the district court judgment said you shall hear it without requiring a CPC. Even if it had said presumably, which was in the order, not the judgment, it would still be. Suppose that Judge Hamilton was simply wrong when she read the prior panel's opinion. Right? She was wrong on other things. Well, then what is your remedy? The remedy is what this Court said, which is either give him an appeal on the merits or release him. Or release him, but he can be rearrested and retried. We used to call it, I'm afraid, the last reference I'll make, but in Brooklyn we used to, playing stickball, we used to call it a duo. What we could do is go back. I mean, what could be done here is to say this thread has been spun into a knot so Gordian. Let's start all over again and release him, rearrest him, and go from zero. And yet, again, that's not the remedy of the merits panel, 2254 merits panel order. And taking the remedy as ordered, why shouldn't we simply affirm on the basis that he was given the opportunity, he pursued the opportunity, he didn't ask for CPC,  And that's all that the order provided. It's not much of an opportunity if you let him file his brief and then you immediately dismiss it on the same ground that this Court said was unconstitutional. But you didn't file for CPC. State appellate counsel didn't for the reasons that I said. So maybe the thing to do is to send it back and allow you to file a CPC and file an appeal in the State court. Start all over again. I don't think that's necessary. You know, I didn't prepare for that. But, you know, if that's what you do, that's what you do. But let me say two things. One is, if the State had given him his appeal on the merits as the 2254 merits panel clearly intended, But it doesn't say in it, it says an opportunity to appeal. That's all it says. It's not on the merit without a CPC or anything else that you're arguing. So let's stick to the order. Respectfully, that's how I read the order. Well, of course. And if the Court had given him the appeal on the merits, the best outcome they could have gotten was a retrial. And if what they can do is say, no, we won't do it because we think this Court is, and I'm quoting from them, mistaken, erroneous, et cetera. Case if they don't have jurisdiction under their law, can they? This Court gave them jurisdiction. This Court said, give him a trial on the merits, even though you said before he didn't have a CPC. But my point is that if they can say, no, you're mistaken, we don't agree, you put us in an intolerable position, all of which they said in their opinion, and then they don't comply, and they get they come back again and get the best outcome they could possibly have gotten. What incentive will the State courts have to obey this Court's writs in the future? And if the State appellate lawyer made a mistake, should have gotten the CPC, but he was relying on the district court's judgment, then that's just going to come back as an IEC of appellate counsel, and we'll be deciding the same issue. Thank you very much, counsel. Your time has expired. Thank you. We'll hear from the State. May it please the Court, Peggy Ruffray from the California Attorney General's Office for Respondent. This Court previously held that Mr. Brissetto should have an opportunity to appeal in State court on one claim. The trial counsel was ineffective for failing to advise him of the minimum term. The State courts have now reviewed that claim in the only manner possible. By not reviewing it. I'm sorry? By not reviewing it. They never did review that, did they? They have reviewed it on State habeas corpus twice. And Mr. Brissetto's counsel conceded that habeas was the only manner in which this particular claim could be reviewed because it depended on evidence outside the record. So it should have been done by habeas and not by, or was or should have been on habeas and not by an appeal which requires a CPC. That's the only manner this claim could be reviewed in State court. So that a CPC wasn't necessary for that? Correct. I'm just trying to follow your procedure. Correct. All State courts have original jurisdiction over habeas matters and there isn't that same procedural requirement of the CPC that there is for a direct appeal in State court. So all you have to do is file your habeas petition. You can include declarations and exhibits outside the record, which in fact was what happened in this case twice, both in 2010 and in 2002. Is that what this court, the panel of this court, meant in its order sending it back? Well, it said an opportunity to appeal in the direct appeal process. But as it turned out, that wasn't possible because of the nature of the claim. As Mr. Brissetto's counsel conceded. I understand that. So they should have pursued habeas? It seems that that is the only manner possible. So it's our position that Mr. Brissetto has had his day in court now on the only claim that this court was concerned about. So we believe the State court has complied fully with the Federal mandate. Counsel, let me just ask you, based on your experience, you handle a lot of these cases, and you've been a frequent litigant in this court. How often do you see our court saying to the court of the State that it has to do something? My experience has been almost exclusively our simply ordering the release of the petitioner with the opportunity to reindict and retry and so forth. What's your experience? Well, that comes up only when the particular claim at issue is ineffective assistance of appellate counsel, which was the rubric that this was raised under, so it was sort of complicated with this extra layer. I've only had that occasion maybe two or three times, and only in the context of when the appellate attorney didn't file an appeal at all. And so the remedy in that case was a little cleaner. All that had to happen was it went back to State court, and then they did have the appeal. This one is more complicated because it's the question of whether he got – should have gotten the CPC or not. So that added yet another layer onto the procedural rubric that this claim was raised in. So I have never seen a case before that is in this particular procedural posture. With respect to this case, did counsel on remand have the opportunity to file a CPC? I suppose he could have done that. And what would your position have been at that point, that that was barred because you were limited only to a State habeas? Well, I think we would have possibly had several responses. Certainly the first would have been that this claim could only be raised on State habeas, and that was indeed the position of the State appellate attorney. That's at SCR 961. He concedes in his State habeas petition that the Federal court remanded this for the raising of that particular issue, which could only be raised on State habeas. So in that case, the whole direct appeal and the CPC wasn't even the vehicle that could be used. There could also have been some questions about timeliness. Typically the CPC has to be requested within 60 days under State law. We probably would have litigated whether under these unique circumstances that could still be requested at this date, and the State courts may or may not have granted that. The standard is low. It's true that it's not difficult to show that. At least in the first instance. The question is under these peculiar procedural stance of the case, whether you would have opposed it, wouldn't you? Yes. Yes. So it's unclear at this point what the State court would have done. I'm not really sure if they would have done that or not. But clearly it's the State habeas petition where this claim was fully aired. In fact, they got even more declarations this second time around. So the State court had a full opportunity to consider this claim. And in fact, they requested opposition from our office. The case was fully briefed, and the State court denied relief on the merits. I would like to address that issue briefly because my opposing counsel does suggest that the summary denial of a State habeas claim is not on the merits. And I think that it's indisputable that it is. The California Supreme Court in Reno recently said a summary denial is solely on the merits. The Supreme Court in Richter and Pinholster have said that a summary denial by a California habeas court is on the merits. And then this Court has said the same thing in many cases. I found no cases that suggest anything to the contrary. So it's clear that that denial is on the merits. Okay. But this is on habeas, and am I right that habeas is not directly before us? I'm just don't take any of my tone of voice. I mean, it's true that habeas is not directly before us now. It's a reason why we should affirm, but it's not before us now. I'm sorry. I didn't quite hear you. Habeas is not the actual habeas proceeding is not before us now, correct? Correct. Correct. No. Counsel chose to appeal on the question of whether the mandate was applied with. I understand. I wasn't looking for the answer. I was just checking my answers. Yes. And the question of whether the State court's denial was unreasonable or not is not actually before this Court because of the manner in which they chose to present the appeal. Anything further, Counsel? Nothing further. Thank you, Your Honor. Thank you, Counsel. The case just argued will be submitted for decision.
judges: O'SCANNLAIN, Sack, BEA